## TEDFORD *vs.* STATE.

RIOT, FROM WHITE. Criminal Law. Jury and Jurors. Alibi. (Before Judge Estes.)

Jackson, C. J.—1. A third cousin of the prosecutor in a criminal

case is not a qualified juror; and the fact of the relationship being unknown to the defendant until after the trial, it furnished a good ground for a motion for new trial.

2. It will not prevent a new trial for the juror who was akin to the prosecutor to assert that he did not know of the relationship until after the trial.

3. Although the burden of establishing an alibi, as such, to the satisfaction of the jury, rested on the defendant who set up alibi as a defense, and on that issue reasonable doubts would not avail him, yet on the final issue of guilty or not guilty, all the evidence is for the consideration of the jury, and it is for them to say whether, from all of the evidence, the defendant is guilty beyond a reasonable doubt. And a charge which excluded all the evidence concerning the alibi from being weighed by the jury on the subject of reasonable doubts of defendant's guilt, on the issue of guilty or not guilty, was error.

Judgment reversed.

Wier Boyd; J. J. Kimsey, for plaintiff in error.

W. S. Erwin, Solicitor General, by Haralson & Loring; C. H. Sutton, for the State.